## CLARK *v.* BARBER.

---

FOREIGN JUDGMENTS; OBJECTIONS, WHEN A PARTY IS ESTOPPED TO MAKE; VARIANCE; COSTS, TAXATION OF; CONCLUSIVENESS OF TAXATION OF COSTS ON FOREIGN JUDGMENT.

1. In an action on a foreign judgment pronounced in open court on May 3, 1894, but not signed and entered of record until June 18, 1894, where the plaintiff on a former trial to meet an objection of the defendant that the judgment should have been declared on as of May 3, instead of June 18, amended his declaration accordingly, the defendant will not be heard on a subsequent trial to object that the judgment should have been declared on in the amended declaration as of June 18.

2. An objection by the defendant, in an action on a foreign judgment, that the judgment sued on was not a final one, in that it provided that the costs should be thereafter taxed by the clerk, is untenable, as the taxation of costs is a mere clerical matter, incidental to and not an essential part of the judgment; *following* Adriance v. Heiskell, 8 App. D. C. 240; especially where the record of the foreign proceedings shows that the costs were actually taxed and entered on the judgment record subsequent to the date of the judgment.

3. In an action on a foreign judgment for a specified sum and costs, in the transcript of the record of which is included a certificate of taxation of the costs, it is not error to refuse to allow the defendant to testify that the costs were erroneously taxed; as the record speaks for itself and cannot be contradicted or amended in that way.

No. 1175. Submitted January 23, 1903. Decided February 4, 1903.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action on a foreign judgment.                    *Affirmed.*

The COURT in the opinion stated the case as follows:

· Joseph P. Barber, trustee, as plaintiff below, recovered a judgment against Jacob P. Clark, in an action upon a judgment of the Common Pleas Division of the High Court of Justice of Ontario, Canada, and the defendant has appealed.

It appears from the transcript of the proceedings in the Canadian court that the action had been commenced to compel Clark to account for his administration of a trust. On May 5, 1891, an interlocutory order was entered referring the matter to the master for inquiry and report. The master reported, and on December 16, 1893, on his recommendation, Barber was appointed trustee in the place of Clark, and, pending exceptions to the account, Clark was ordered to pay over to Barber the sum of $5,000, but without prejudice to his rights upon the hearing.

Because of objections to the decree sued on, on account of variance, and because it is not final, it is here set out in full as recorded in the transcript:

"(*Final Judgment on Further Directions.*)

" In the High Court of Justice, Common Pleas Division.
          " Before the Honorable Mr. Justice Street.

    " In Court, Thursday, the 3rd Day of May, A. D. 1894.
" Between—

" JAMES BARBER, AGNES F. HUTTON, and ISA- ⎫
          BELLA J. CROSS, Plaintiffs, ⎪
                    " and ⎬
          " JACOB P. CLARK, Defendant. ⎭

"(Law stamp, $1.60.)
"[L. S.]

" This action coming on this day to be heard before this court on further directions and as to the question of costs in the presence of counsel for the plaintiffs and defendants and upon hearing read the pleadings in this action, the reporter's notes of the proceedings at the trial and the judgment of reference thereupon ordered under date the 30th day of April, 1891, the order made herein by the local judge of this court at Brampton on the 30th day of October, 1891,

extending the time for the making of the master's report under the said judgment and the subsequent order made herein by the Hon. Mr. Justice Falconbridge in court on the 9th day of December, 1891, with the affidavits of William H. Cross, James Oscar Hutton and Benjamin Franklin Justin (2) filed upon the said application and the further orders extending the time for the making of the said master's report made herein in court on 2nd day of February, 1892, and on the 26th day of April, 1892, and the report of the master herein dated the 30th day of June, 1892, and the orders made herein upon appeal from the said report dated respectively the 16th day of September, 1892, and the 24th day of February, 1893, by the latter of which orders the said report of the master is amended as in the said order shown and a reference back directed to fix the remuneration which the defendant ought to receive in respect of his services under the will in the pleadings mentioned and also the subsequent report of the said master bearing date the 14th day of October, 1893, and the order on appeal therefrom dated the 13th day of April, 1894, and also the affidavits of Allen Bristol Aylesworth and of Benjamin Franklin Justin filed on behalf of the plaintiffs upon this application with the exhibits in the said affidavits referred to and the affidavit of William Laidlaw filed in answer and the exhibits in the said affidavit referred to and upon hearing what was alleged by counsel aforesaid.

" 1. This court doth order and adjudge that the defendant do forthwith deliver over to Joseph Barber, the trustee of the estate of Jessie Barber named in the above-mentioned order made herein on the 16th day of September, 1892, a certain promissory note for the sum of $1,000 made by the above-named plaintiff James Barbour, and which is referred to in the report of the master aforesaid, dated the 30th day of June, 1892.

" 2. And this court doth further order and adjudge, that the defendant do pay to the said Joseph Barber as such trustee as aforesaid the balance in his hands of the trust funds of the said estate being the sum of $7,423.50 with interest

thereon from the 30th day of June, 1892, but deducting from the said amount the sum of $5,000 paid by the said defendant to the said Joseph Barber on the 6th day of October, 1892, and the further sum of $500 similarly paid on the 13th day of October, 1892, with interest on the said sums of $5,000 and $500 from the date of their respective payments.

" 3. And this court doth further order that upon the taxation of costs in this action the taxing officer do allow and tax to the defendant such costs as he would be entitled to had he presented an ordinary unopposed petition to the court asking his discharge and the appointment of a new trustee in his stead, and of passing his accounts of his dealings with the estate in question, also the costs of supporting upon the reference herein any items unsuccessfully objected to by the plaintiffs in the said accounts and also of successfully contesting on the said reference any items of the plaintiff's surcharge to the defendant's said accounts; the said costs to be taxed between solicitor and client, and to be paid out of the estate in question or set off as the case may be.

" 4. And this court doth further order that the defendant do forthwith after taxation thereof pay to the plaintiffs their costs of this action down to and inclusive of the hearing, together with the costs of the several orders extending the time for the master to make his report, including the costs of the application upon which the order of 9th December, 1891, was made, also the costs of the reference back to the said master under the order of the 24th of February, 1893, including the costs of the appeal from the report of the 30th day of June, 1892, so far as the same related to the remuneration allowed to the defendant, together with the general costs of the reference before the said master (except the costs hereinbefore specified as taxable to the defendant) but including the costs of supporting any items of the surcharge as to which plaintiffs succeeded and of attacking any items of defendant's account to which they successfully objected, and the costs of this motion.

" On the motion of Mr. Aylesworth, Q. C., of counsel for the plaintiffs.

" By THE COURT.

" The costs of the plaintiffs under the above judgment have been taxed and allowed at the sum of $848.30 as appears by a taxing officer's certificate dated the 26th day of November, A. D. 1895.

"(S'g'd)                        J. A. AUSTIN,
                    *"Local Registrar at Brampton.*

" Judgment signed the 18th June, 1894:
"(S'g'd)                        A. F. McLEAN,
                                *"Cl'k Weekly Ct.*

"(S'g'd)                        J. A. AUSTIN,
                    *"Local Registrar at Brampton.*

" Judgment entered the 18th June, 1894, in Judgment Book of H. C. J., folios 150, 151, 152.
"(S'g'd)                        J. A. AUSTIN,
                    *"Local Registrar at Brampton."*

The authentication of the record is in due form and is omitted.

*Mr. Clarence A. Brandenburg, Mr. Edwin C. Brandenburg* and *Mr. F. Walter Brandenburg* for the appellant:

1. It is submitted that as between the date of May 3, upon which plaintiff below declared, and June 18, the date the transcript shows judgment was entered, the prior date related merely to an interlocutory step in the proceedings, and accordingly there being a variance between the date in the declaration and the transcript introduced in evidence, the court erred in overruling defendant's objections thereto. *Gulick* v. *Loder,* 14 N. J. L. 572; *Howard* v. *Cousins,* 7 How. (Miss.) 114; *Silver Lake Bank* v. *Hardin,* Wright (Ohio), 430; Piggott on Foreign Judgm., p. 54; Freeman on Judgm., Sec. 1; Greenl. Ev. (14th ed.), Sec. 70.

2. The transcript offered in evidence was not a complete transcript, and the judgment therein was not final since the record failed to disclose the taxation of costs in favor of the defendant below. The costs of the plaintiff below are

here taxed and made a part of the judgment, but such is not true of the defendant's costs. In other words the clerk has arbitrarily nullified that portion of the decree adjudging costs to the defendant, by neglecting to tax the costs to which he was entitled, and accordingly the record is incomplete, and until they are taxed it is not final, since the rights of the parties are not therein settled. *Re Henderson,* 15 App. Cas. 1, 10; Black on Judgm. (ed. 1891), Sec. 3, p. 8; *People* v. *Pirfenbrink,* 96 Ill. 68; *Boyken* v. *State,* 3 Yerg. (Tenn.) 426; *Chapin* v. *Broder,* 16 Cal. 403; *Richardson* v. *Rogers,* 37 Minn. 461; *Hays* v. *May's Heirs,* 1 J. J. Marsh. (Ky.) 498; *Keystone Iron Co.* v. *Martin,* 132 U. S. 93; *Young* v. *Smith,* 15 Pet. (U. S.) 287; *Lodge* v. *Twell,* 135 U. S. 232. The general rule is that where a copy of the record of a judgment is required, it must be of the whole record so that the court may determine the legal effect of the whole of it which might be quite different from that of a part. Black on Judgm., Secs. 877, 961, p. 125; *Vail* v. *Iglehart,* 69 Ill. 332, 335; *Edmiston* v. *Schwartz,* 13 Serg. & R. (Pa.) 133; *Brown* v. *Eaton,* 98 Ind. 595; *Pepin* v. *Lachenmeyer,* 45 N. Y. 27, 32; 1 Whart. Ev. 824; Freeman on Judgm., Sec. 412; *McMillan* v. *Ritchie,* 2 Allan (N. B.) 242; 2 Black on Judgm., Sec. 845. Furthermore, the court having ordered the taxation of appellant's costs, any judgment entered upon such order is necessarily incomplete until this has been done, or some showing is made that the question has been disposed of by the proper court officer, as is stated by Black, Sec. 143, p. 142. *Bock* v. *Little,* 24 Miss. 463; *Reid* v. *Dunlin,* 5 Ala. 205; *Mitchell* v. *Gesendorff,* 44 Ind. 358.

*Mr. W. H. Sholes* and *Mr. Hayden Johnson* for the appellee.

*Mr. Justice* Shepard delivered the opinion of the Court:

1. The transcript shows that the judgment was pronounced in open court on May 3, 1894, but was not signed and entered of record until June 18, 1894.

When offered in evidence, the defendant objected on the ground of variance in that it was declared upon as rendered May 3, when in fact it had been rendered on June 18, 1894. The exception to the admission of the proof contains the following recital: "The presiding justice upon consideration that the defendant had theretofore, at a former trial of this cause had February 26, 1900, objected that there was a variance between the said transcript and the plaintiff's amended declaration filed in this cause on the 18th day of March, 1897, which amended declaration declared on a decree of the High Court of Justice — Common Pleas Division, signed and entered on the 18th day of June, 1894, whereas the final decree was signed on the 3d day of May, 1894, which objection of the said defendant was then sustained, and the plaintiff amended his declaration to conform to the objection of the defendant and the ruling of the court, overruled said objection and allowed the transcript to be read."

We are of the opinion that the court was right in overruling the objection for the reasons given. Having induced the court on a former trial to rule that the judgment should have been pleaded as of May 3, 1894, instead of June 18, and the plaintiff having conformed to that ruling by amending his declaration to meet the objection, the defendant ought not now to be heard to complain of an error, if in fact it be one, that was the result of his own suggestion and persuasion.

2. The second assignment of error is founded on the objection that the judgment sued upon was not final. We are of opinion that it lacked no substantial element of finality. Every essential question at issue was effectually disposed of, including the award of costs. That these costs had to be taxed by the clerk or master, according to the terms of the decree, is immaterial. The taxation of costs is incidental to the decree and not an essential part of it. *Adriance* v. *Heiskell,* 8 App. D. C. 240, 245. As was said in that case: "Indeed it not infrequently happens that judgment is rendered for some specific sum found to be due and for costs thereafter to be taxed by the clerk, such taxation of costs

being merely a clerical matter to be performed by the clerk rather than the court."

Moreover, the transcript, the exemplification of which bears the final date of March 2, 1897, shows that the costs adjudged to the plaintiff had been taxed and certified by the taxing officer on November 26, 1895, and then entered on the judgment record.

3. It is to be presumed that the taxing officer obeyed the explicit directions contained in the decree and certified the balance of costs due by the defendant, after making the required allowances for him and setting them off against those adjudged to the plaintiff.

It was not error, therefore, as has been contended under the last assignment, to refuse to permit the defendant as a witness to testify to the amount of costs due him and show that the same had not been properly entered to his credit in the certificate of taxation.

The record speaks for itself and cannot be contradicted, or amended in that way.

Having found no error in the proceedings on the trial, the judgment will be affirmed, with costs.   It is so ordered.

*Affirmed.*